UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY MILLER, CAROLYN MILLER, RICHARD SALMON, JR., D.S., a minor by and though RICHARD SALMON JR. her father, guardian and next best friend, and I.S., a minor by and through RICHARD SALMON JR. her father, guardian and next best friend,

Plaintiffs,

v.

CHRISTOPHER LOPER, CRETE CARRIER CORPORATION d/b/a CRETE CARRIER CORP SHAFFER TRUCKING,

Defendants.

Case No. 25-cv-1221-JMK-JBW

# ***IN CAMERA* REVIEW ORDER**

This action arises from a motor vehicle collision that occurred in Sedgwick County, Kansas on January 27, 2025, involving a semi-tractor trailer owned and/or operated by Defendants and a passenger vehicle operated by Plaintiff Richard Salmon, Jr. with four passengers, including two minor children. Plaintiffs seek damages for personal injuries they sustained from the collision due to the alleged negligence of Defendants.

On August 11, 2026, Defendants filed a Notice of Service of Subpoena (Dkt. 37) to the Kansas Department of Children and Families ("DCF"). The subpoena requests:

> Any and all complaints, findings made by DCF, records, reports, memoranda, statements, correspondence, emails, telephone messages or recordings, notes, video recordings, investigative reports, photographs, interventions, recommendations, services offered, counseling records, evaluations, information and any remedial courses, workshops, counseling, therapy or other steps taken and other

documents/records relating to [minor Plaintiffs D.S. and I.S.].[1]

On August 27, 2026, the parties jointly submitted a proposed protective order for an *in camera* review of the subpoenaed records, as required by DCF pursuant to K.S.A. 38-2212(f) before releasing the records. On August 31, 2026, the Court entered the parties' Protective Order (Dkt. 46) directing DCF to deliver the specific information being sought by the subpoena (Dkt. 37) to chambers for an *in camera* inspection. Consistent with the Protective Order, DCF delivered the subpoenaed records to chambers electronically on September 10, 2026.

The Court has completed its review of the 38 files (grouped into 13 folders) that DCF delivered for *in camera* inspection. The Court must now determine whether, and to what extent, to allow those records to be disclosed pursuant to Defendants' subpoena and the Protective Order. This standard for disclosure after *in camera* inspection is set forth in K.S.A. 38-2212(f):

> [A] court of competent jurisdiction, after in camera inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court. The court shall specify the terms of disclosure and impose appropriate limitations.

K.S.A. 38-2212(a) sets forth the following "principle of appropriate access" to DCF's confidential agency records: "Disclosure shall in all cases be guided by the principle of providing access only to persons or entities with a need for information that is directly related to achieving the purposes of this code." That code is the "Kansas code for care of children."[2] In order to determine the necessity for the court's proceedings, a court considers whether it would be "possible to adequately

[1] Subpoena Ex. A (Dkt. 37).

[2] K.S.A. 38-2201 ("K.S.A. 38-2201 through 38-2283, and amendments thereto, shall be known as and may be cited as the revised Kansas code for care of children.").

resolve the factual disputes in this case without disclosing some of the confidential agency records."[3]

Based upon its *in camera* inspection, the Court finds that none of the DCF records reviewed should be disclosed pursuant to K.S.A. 38-2212(f). The Court determines the disclosure of these records is neither "in the best interests of the child who is the subject of the reports," nor are the subpoenaed records "necessary for the proceedings of the court."[4] This case arises from a January 2025 motor vehicle collision where two minor children Plaintiffs, along with three adult Plaintiffs, seek damages for personal injuries they sustained from the collision. The DCF records reviewed are primarily comprised of 13 sets of DCF's "Combined Intake Report," "Initial Assessment," and "Report/Request for Services" prepared following reports to DCF in 2017 and 2025. The DCF records involving these minor children are not related to the collision giving rise to their claims in this case and are not necessary for these proceedings. Moreover, disclosure of these DCF records would not be in the best interests of the minor Plaintiffs, who are the subjects of these records. Under K.S.A. 38-2212(a)'s "principle of appropriate access," disclosure of these DCF records is not directly related to achieving the purposes of the Kansas code, which is the safety and welfare of children.[5] Although Plaintiffs' counsel jointly submitted the proposed protective order for this *in camera* inspection of the subpoenaed DCF records, the court record is not clear whether Plaintiffs object to release of the subpoenaed DCF records. Even if Plaintiffs do not object to the disclosure of the DCF records under the protection of a confidentiality order in this case, the Court

---

[3] *Adkins v. TFI Fam. Servs., Inc.*, No. 2:13-CV-02579-DDC, 2015 WL 4744461, at *1 (D. Kan. Aug. 11, 2015).

[4] K.S.A. 38-2212(f).

[5] *See* K.S.A. 38-2201(b) (setting forth the state's policies).

finds their disclosure for these proceedings is not in the best interest of the minor Plaintiffs or necessary for these proceedings. The Court therefore finds the disclosure of the subpoenaed confidential DCF records pursuant to K.S.A. 38-2212(f) is not appropriate.

**IT IS THEREFORE ORDERED** that disclosure of the subpoenaed DCF records is not permitted pursuant to K.S.A. 38-2212(f).

**IT IS FURTHER ORDERED** that a copy of this Order will be emailed to DCF.

IT IS SO ORDERED.

Dated: September 16, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge